**In re Ronald H. FULTZ, Sr. and Joyce B. Fultz, Debtors.**

**Bankruptcy No. 81–04008G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 11, 1982.

Jack K. Miller, Philadelphia, Pa., for debtors Ronald H. Fultz, Sr. and Joyce B. Fultz.

James J. O'Connell, Philadelphia, Pa., standing trustee.

John J. Ehlinger, Jr., Philadelphia, Pa., for Philadelphia Gas Works.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

This case is before us on the application of the debtors to hold a creditor in contempt of court. We conclude that the creditor is in contempt of court for the actions taken by its collection agency in contacting the debtors for the purpose of collecting a prepetition debt.

The facts of the instant case are as follows:[1] On September 30, 1981, Ronald H. and Joyce B. Fultz ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Bankruptcy Code ("the Code"). In their schedules accompanying that petition, the debtors listed as a creditor the Philadelphia Gas Works ("PGW"). Thereafter, notice of the debtors' filing under chapter 13 was sent, both by the court and by the debtors' attorney to all of the debtors' creditors, including PGW. Notwithstanding those notices, on or about December 21, 1981, Commerce Service Corporation ("CSC"), on behalf of PGW, wrote the debtors in an attempt to collect a prepetition debt. The debtors thereupon filed two applications to hold PGW and CSC in contempt of court.[2] At the hearing, the debtors' attorney admitted that there was no evidence that CSC had notice of the debtors' filing since it was not a creditor. Hence, the debtors withdrew their application as to CSC.

However, with respect to the application to hold PGW in contempt, we conclude that that application should be granted. In order to hold an alleged contemner in contempt, there must be a specific and definite order of the court, of which the accused had actual knowledge and which he has violated.[3] We have already held that the automatic stay provisions of the Code are such a specific and definite order, the willful violation of which will be punishable by contempt.[4] Section 362(a)(6) specifically prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). We find that PGW had actual knowledge of the applicability of the automatic stay to the debtors by virtue of the notices thereof sent to it by this court and by the debtors' attorney. Furthermore, we conclude that PGW was in violation of § 362(a)(6) when it authorized or directed CSC, as its collection agency, to contact the debtors for the purpose of collecting the prepetition debt owed to PGW after the debtors had filed a petition under chapter 13 and after PGW had received notice of that filing.[5]

1. This opinion constitutes the findings of fact and conclusions of law, required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Both CSC and PGW failed to file responses to the debtors' applications and failed to appear at the hearing held thereon.

3. See, e.g., Fidelity Mortgage Investors v. Camilia Builders, Inc., 550 F.2d 47 (2d Cir. 1976), cert. denied, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977), citing In re Rubin, 378 F.2d 104 (3d Cir. 1967). See also, United States v. Christie Industries, Inc., 465 F.2d 1002 (3d Cir. 1972).

4. In re Abt, 2 B.R. 323, 5 B.C.D. 1237 (Bkrtcy.E. D.Pa.1980).

5. Cf. In re Benjamin, Bankr. No. 78–758EG (E.D.Pa. Aug. 14, 1979).