**In re Adam HOLL, Jr., and Margie M. Holl, Debtors.**

**Bankruptcy No. 80–00077.**

United States Bankruptcy Court, D. Hawaii.

Oct. 25, 1983.

Randolph R. Slaton, Honolulu, Hawaii, for debtors.

Elliot Enoki, Asst. U.S. Atty., Honolulu, Hawaii, for IRS.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DENYING APPLICATION TO ENFORCE INJUNCTION

JON J. CHINEN, Bankruptcy Judge.

The Debtors herein filed on August 4, 1982 an Application to Enforce Injunction Under 11 U.S.C. Section 524, seeking to enjoin the Internal Revenue Service from collecting any further sums from the Debtors in regard to taxes owed by Universal Development and Builders, Inc., from the proceeds of a sale of real property which Debtors had claimed as exempt pursuant to H.R.S. 651–92. The Internal Revenue Service filed on October 5, 1982, a Motion to Dismiss Application to Enforce Injunction. Hearings were held on November 23, 1982 and December 17, 1982 before the undersigned Judge with Randolph R. Slaton representing Debtors and Elliot Enoki, Assistant U.S. Attorney, representing the Internal Revenue Service. After presentation of evidence and argument by counsel, the matter was taken under advisement.

The Court, having reviewed the record herein including the memoranda and proposed findings submitted by the parties, being fully apprised of the facts, herewith enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Adam Holl, Jr., and Margie M. Holl, husband and wife, (hereafter "Debtors")

filed a petition for Chapter 7 bankruptcy in this Court on February 12, 1980.

2. The Internal Revenue Service (hereafter "IRS") duly filed, on October 27, 1980, a Proof of Claim for Internal Revenue Taxes which included:

a) secured claims of $9,548.97 for income tax liens for the years 1974 through 1977 plus a $211.47 pre-petition penalty for a total claim of $9,760.44.

b) an unassessed tax liability of $17,-635.05 for Withholding and Federal Insurance Contributions Act taxes on the part of debtors as responsible persons of Universal Development and Builders, Inc., (hereafter "UDB").

3. Adam Holl testified that he did not review the Proof of Claim filed by IRS and did not ask his attorney, the attorney for the United States or IRS what the sources or amounts of IRS's claims were.

4. During the course of the Bankruptcy the Holls exempted $30,000.00 of the proceeds on the sale of some real estate under the homestead exemption of Sec. 651–92 of the Hawaii Revised Statutes.

5. In its Findings of Fact and Conclusions of Law filed herein on September 3, 1981, this Court found that the IRS was entitled to $9,760.44 of the proceeds from the sale of the real estate, said amount not being from the exempted $30,000.00. The IRS liens were based on income taxes for the years 1974 through 1977.

6. UDB was formerly Ewa Side Electrical Maintenance and Appliance and later became Universal Developers and Builders. Adam Holl was responsible for collecting and withholding taxes for FICA purposes under both businesses.

7. Between September 1978 and early 1979, Adam Holl signed an IRS Form 4180 "Report of Interview Held With Persons Relating to Recommendation of 100 percent Penalty Assessments," which he reviewed prior to signing. That form, completed by the IRS interviewer, indicated that:

a. Adam Holl was responsible for filing Form 941's from October 1976 to August 1978.

b. Ewa Side Electrical commenced business in October 1976 and ceased to operate in August 1978.

8. On or about April 9, 1980 or April 15, 1981, Adam Holl received and signed an IRS Form 2751, entitled "Proposed Assessment of 100 Percent Penalty." This form notes § 6672 of the Internal Revenue Code (26 U.S.C.) as the type of tax involved as did the IRS Proof of Claim. The Form 2751 also lists four Form 941's for the periods September 30, 1977, December 31, 1977, March 31, 1978, and June 30, 1978 as sources of liability and UDB as the business involved, with total amount due $17,635.05.

9. Holl testified at the hearing that, although he agreed with the sum of $6,340.55 (as being owed to the IRS for personal taxes), he did not believe that the Debtors owed the sum of $9,760.44, then being claimed by the IRS from the agreement of sale proceeds. Holl further testified that he believed that the difference between the amount with which he agreed ($6,340.55) and the higher figure of $9,760.44, was the amount the IRS was claiming for the Debtors' liability on behalf of UDB.

10. A Stipulation was entered into among the parties and approved by this Court, filed herein on December 14, 1981, under which the IRS would receive the sum of $9,760.44 from the agreement of sale proceeds, said sum being consistent with the Findings of Fact filed on September 3, 1981. It was agreed between the Debtors and the IRS at the hearing that this sum, $9,760.44, has been paid to the IRS.

11. Prior to his discharge in bankruptcy on April 23, 1982 Holl did not indicate that there was any agreement or stipulation, other than the Stipulation filed on December 14, 1981, between IRS and himself in regard to the amounts of taxes claimed or owed except to acknowledge that the taxes were in fact owed.

12. No agreement, express or implied, between the IRS and Holl was presented to the Court in regard to any of the taxes owed.

13. Holl should have known of the nature of the payment of the $9,760.44 by virtue of the Proof of Claim, IRS's Proposed Findings of Fact and Conclusions of Law filed on March 31, 1981, and this Court's Findings of Fact and Conclusions of Law, filed on September 3, 1981, all of which explicitly declare the $9,760.44 to be attributable to income tax liabilities, with interest and penalty thereon, for the 1974 through 1977 period.

14. It is unreasonable for Holl to believe that the word "penalty" as included in the Proof of Claim and Findings of Fact and Conclusions of Law referred to the 100 percent penalty assessment under Section 6672 of Title 26, rather than the $211.47 pre-petition penalty in regard to income taxes plainly stated on the Proof of Claim, and, moreover, it was unreasonable for Holl to believe that the IRS would and had agreed to forego $17,635.05 in taxes in exchange for a $211.47 penalty.

15. In light of the statements of the nature of the taxes owed and a lack of any agreement by IRS to the contrary, the Court finds less than credible Holl's testimony that he believed that IRS was foregoing $17,635.05 in taxes owed when it accepted payment of the $9,760.44.

16. Subsequent to the Holls' discharge in bankruptcy, IRS assessed, pursuant to 26 U.S.C. § 6672, the $17,635.05 against the Holls and levied against Hawaii Escrow and Title for payment from the $30,000.00 in proceeds exempted by Debtors under the homestead exemption. IRS has subsequently also served another levy in excess of $9,000.00, but the details of such assessment are not before the Court.

17. It is the $17,635.05 levy which Holl seeks to have this Court enjoin under 11 U.S.C. § 524(a)(2), and he disputes the responsibility for that amount only insofar as the period ending June 1978 is concerned.

18. Insofar as these findings are conclusions of law they are herein incorporated as such.

## CONCLUSIONS OF LAW

■ 1. The Court has no jurisdiction over exempt property once it has declared the property exempt from creditors. *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903); *Browne v. San Luis Obispo National Bank*, 462 F.2d 129, 132 (9th Cir.1972).

2. The Court does have jurisdiction, pursuant to 28 U.S.C. 1471, over a determination under 11 U.S.C. 524 as to the effects of a discharge in bankruptcy.

3. Title 11, U.S.C. § 522(c)(1) allows collection of taxes required to be collected or withheld by debtors from exempt property.

4. Pursuant to 11 U.S.C. § 523(a)(1)(A), the bankruptcy injunction under 11 U.S.C. § 524(a)(2) is not applicable to taxes required to be collected or withheld and for which the debtor is liable in some capacity:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax . . .

(A) of the kind and for the period specified in section . . . 507(a)(6) of this title, whether or not a claim for such tax was filed or allowed. 11 U.S.C. § 523(a)(1)(A)

Withholding and Federal Insurance Contributions Act taxes fall within the kinds of taxes specified in section 507(a)(6):

A tax required to be collected or withheld and for which the debtor is liable in whatever capacity 11 U.S.C. § 507(a)(6)(C)

■ 5. The injunction under § 524(a)(2) is inapplicable to the levy served on Hawaii Escrow and Title to collect taxes which were collected and withheld from the employees of UDB and which the Holls were required to collect and pay over.

■ 6. Taxes assessed under 26 U.S.C. § 6672 are not dischargeable in bankruptcy. *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978).

7. The $17,635.05 levy was properly assessed as amounts withheld by UDB and not paid to IRS through June 1978.

Based on the foregoing Findings of Facts and Conclusions of Law,

The Court hereby denies the Application to Enforce Injunction brought by Debtor and grants the Motion to Dismiss the Application to Enforce Injunction.