In re William M. FLEMISTER, Jr., Debtor.

William M. FLEMISTER, Jr., Plaintiff,

v.

UNITED STATES (DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE), Defendant.

Bankruptcy No. 82–04653A.
Adv. No. 83–0016A.

United States Bankruptcy Court, N.D. Georgia, Altanta Division.

March 5, 1985.

David G. Bisbee, Atlanta, Ga., for plaintiff.

Elizabeth Sullivan and Curtis L. Muncy, Dept. of Justice, Washington, D.C., for defendant.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The debtor filed the instant adversary proceeding to determine the validity, priority, and dischargeability of a debt to the Internal Revenue Service ("IRS"). The IRS had identified the Chapter 7 debtor as a responsible person who had liability for payment of corporate withholding taxes pursuant to 26 U.S.C. § 6672. At trial debtor argued that he was neither a "responsible" person under the statute in question nor had he "willfully" failed to pay the corporate taxes in question. Based on the testimony and documentary evidence submitted at trial, this Court finds that the debtor comes within the statutory § 6672 test on both points. Therefore, the debtor may not discharge his liability for payment of the corporate withholding taxes.

## FINDINGS OF FACT

1. Debtor was an officer, director, and shareholder of Chase Hamilton Corporation ("Chase") from its inception in 1980.

2. The corporate checking account required only one signatory.

3. Debtor had authority to sign corporate checks from the point of incorporation through the first quarter plus the first twelve days of the second quarter of 1982 ("the period in question").

4. The debtor exercised his authority to sign checks during the period in question.

5. By January 1982 the debtor knew the corporation was experiencing financial difficulty, including not being able to pay its bills as they became due.

6. From February 1982 the debtor knew the corporation had not paid certain taxes due the IRS.

7. Debtor was the secretary-treasurer of the corporation during the period in question.

8. As secretary-treasurer, the debtor held powers co-extensive with the chairman of the board and the president of the corporation.

9. In a hand written letter dated April 12, 1982 debtor tendered his resignation as an officer and director of the corporation.

10. The debtor filed for Chapter 7 relief on October 1, 1982.

11. The IRS had claimed that debtor was liable for corporate withholding taxes for the period in question.

12. On January 5, 1983 debtor filed the instant adversary proceeding to determine the validity, priority and dischargeability of the debt claimed by the IRS.

13. On May 15, 1984 a trial was held.

## DISCUSSION

■ Only two points need to be established for the IRS to prevail on a claim under 26 U.S.C. § 6672.[1] The individual must be a "responsible" person, and there must have been a "willful" failure by the individual to pay the corporate taxes due. Both terms, "responsible" and "willful" are interpreted liberally.

■ A person is "responsible" within this context if he has the status, duty and authority, *even without knowledge.* *Howard v. United States,* 711 F.2d 729, 734 (C.A.5, 1983), citing *Mazo v. United States,* 591 F.2d 1151, 1156 (C.A.5), *Cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). The Court finds that the debtor in the instant adversary proceeding qualifies as a responsible person. Debtor was initially a 50% shareholder of the corporation, president of the corporation, and a member of the board of directors. During the period in question he owned approximately 30%

---

**1.** 26 U.S.C. § 6672. Failure to collect and pay over tax, or attempt or defeat tax

(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over ...

of the stock of the corporation, was secretary-treasurer, and was a member of the board of directors. Evidence at trial indicated that the debtor had at all times the authority to sign checks for the corporation and did sign checks during the period in question.

 Debtor's argument against being classified as a responsible person rested largely on his absence from the Atlanta office where corporate decisions and financial matters were determined. The debtor submitted statements from a Washington, D.C. Holiday Inn to show that he was not in the Atlanta office during the critical period in question. Further, he testified that he functioned more as branch manager of the Washington office rather than as a corporate officer. With regard to the Holiday Inn statements the debtor overstated what the evidence showed. The statements did not indicate he was absent all but six days of the period in question. The statements support the debtor's testimony that he was in the Washington branch office on the following dates: February 2–4, 9–11, 15–18, and March 2–3, 8–9, 16–18, 23–25. Yet, the period in question extended from January 1, 1982 through April 12, 1982. Moreover, despite the Atlanta office being the center for corporate decisions and financial transactions, including payment of taxes, there was ample evidence that the corporate decision making process was shared with the debtor on a regular basis through telephone conversations. Evidence also placed the debtor in the Atlanta office during the period in question for a number of meetings with his corporate colleagues. While debtor's corporate colleagues who spent more time in Atlanta than debtor may have had more opportunity to pay the corporate withholding taxes, such a circumstance would not relieve the debtor from his corporate responsibility as a key officer. A responsible person "cannot absolve himself merely by disregarding his duty and leaving it to someone else to discharge." *Hornsby v. Internal Revenue Service*, 588 F.2d 952, 953 (C.A.5, 1979).

 The debtor's argument continued that even if the debtor was found to be a responsible person there was no willful failure to pay the corporate taxes. The debtor did testify that when he discovered that the corporation had failed to pay IRS taxes, he insisted that they be paid. Debtor also contended that those located in the Atlanta office were supposed to take care of paying the taxes and that later he was informed that the taxes were paid. The debtor's arguments regarding this part of the § 6672 test are not convincing. First, willful in this context means a voluntary, conscious, and intentional decision not to pay the taxes due. Payment of other creditors ahead of the IRS will satisfy the test for this conduct. *Howard, supra* at 735. In the instant circumstances the debtor had knowledge that the corporation was undergoing severe financial problems. Further, at least from February, the debtor had knowledge that IRS taxes had not been paid. Certain corporate checks, signed by the debtor, were introduced into evidence at trial. These checks were payable to a variety of creditors and ranged from $1.80 to $2,500.00.[2] At trial the debtor stated that he would sometimes sign checks in blank although he did not indicate that any of the checks specifically introduced had been signed in blank. Moreover, this Court finds that signing blank checks at a time when the debtor has knowledge that IRS corporate taxes are not being paid constitutes willful failure under § 6672. *Mazo, supra*, at 1157 (once corporate officials are aware of corporate tax liability to the government they are under a duty to ensure that taxes are paid before any payments made to other creditors).

**2.**

| | | |
|---|---|---|
| 2–13–82 | $2,500.00 | to Edward T. Geddes |
| 2–13–82 | $2,500.00 | to William Flemister |
| 2–19–82 | $1,250.00 | to William Flemister |
| 2–22–82 | $1,500.00 | to Norrell Services, Inc. |
| 2–22–85 | $ 500.00 | to Sir Speedy |
| 3– 1–82 | $ 425.30 | to Professional Message Center |
| 3– 6–82 | $1,000.00 | to Edward Terech |
| 3–22–82 | $ 500.00 | to Norrell Services |
| 3–22–85 | $2,239.62 | to Cort Furniture Rental |
| 3–29–82 | $ 1.80 | to Atlanta Chamber of Commerce |

A final reason given by the debtor for not paying the corporate taxes emphasizes his knowledge of the circumstances, that he condoned the tax non-payments, and eliminates his excuse for failing to pay:

> Geographically I was 650 miles away. The checking account had no money in it. We stayed in overdraft and as soon as $10.00 came in, checks were written for $11.00. If I'd written a check, it wouldn't have cleared.

(Trial transcript pp. 23–24). It is precisely such rationalization that § 6672 was designed to end by substituting responsible individual liability for corporate liability.

■ Because the debtor was a responsible person who willfully failed to pay the corporate taxes due, this Court finds that the debt owed to the IRS pursuant to 26 U.S.C. § 6672 is NOT DISCHARGEABLE.

IT IS SO ORDERED.

John Siegel, Hale & Dorr, Boston, Mass., for debtors.

Jon D. Schneider, Goodwin, Procter & Hoar, Boston, Mass., for Bank of New England, N.A.

J. Robert Seder, Seder & Chandler, Worcester, Mass., for creditors committee.

Howard B. Lenow, Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, Boston, Mass., for union.