**In re Harry GURWITCH.**

**UNITED STATES of America,**
**Appellant,**

v.

**Harry GURWITCH, Appellee.**

**No. 84–1759–Civ–Hastings.**

United States District Court,
S.D. Florida.

June 7, 1985.

Steven Kwartin, Atty., Tax Div., Dept. of Justice, Washington, D.C., for appellant.

Robert A. Schatzman, Schatzman & Schatzman, P.A., Coral Gables, Fla., for appellee.

## FINAL ORDER OF REVERSAL AND REMAND

HASTINGS, Distrct Judge.

The Internal Revenue Service (IRS) is appealing from a bankruptcy court order denying the addition of new assessments filed after the confirmation of Debtor's reorganization plan. *In re Harry Gurwitch,* 37 B.R. 513 (S.D.Fla.1984). After careful consideration of the briefs, bankruptcy court orders, and being fully advised, it is hereby

ORDERED AND ADJUDGED that the judgment of the bankruptcy court is hereby REVERSED and ON REMAND, judgment should be entered in favor of the United States of America.

Harry Gurwitch, debtor-appellee, was the one-hundred per cent owner of two corporations, EMC Film Corporation and American Contemporary Art Corporation. Gurwitch, as the responsible officer of both businesses, was required to withhold and collect taxes from his employees and to pay the same to the IRS.

Mr. Gurwitch filed his petition for Chapter 11 bankruptcy on January 21, 1980 in the United States Bankruptcy Court, Southern District of Florida. On June 6, 1980, the IRS filed a one-hundred per cent penalty assessment against the debtor in the amount of $7,756.41, with respect to only one of the corporations. This was the sole claim raised by the IRS during the bankruptcy proceedings and it was included in the debtor's reorganization plan without objection. The plan was confirmed on August 21, 1981.

Subsequent to the confirmation and consequent discharge of the debtor from further liabilities, the IRS made one-hundred per cent penalty assessments for new claims regarding both corporations. Appellant sought to have these new claims enforced against the debtor apart from the reorganization plan. Bankruptcy Judge Thomas C. Britton refused to allow the additional claims on the grounds that a final determination of the debtor's tax liability was made during the bankruptcy proceedings. The IRS appeals from the lower court judgment, arguing that the debts are nondischargeable under the Bankruptcy Act.

The Bankruptcy Act, 11 U.S.C. § 1141(d)(2), prohibits discharging a debt under 11 U.S.C. § 523, despite reorganization confirmation. A tax debt is excepted from discharge "whether or not a claim for such tax was filed or allowed." 11 U.S.C. § 523(a)(1)(A). The leading case of *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), interpreted the Congressional policy of the Bankruptcy Act as ensuring post-bankruptcy liability for withholding taxes in corporate bankruptcy situations. These debts are nondischargeable because a "contrary result would cre-

ate an inequity between corporate officers and individual entrepreneurs." *Sotelo* at 269, 98 S.Ct. at 1797.

In the case at bar, the IRS failed to bring the additional assessments to the bankruptcy court's attention. The IRS should have noticed the court of potential claims whereby the bankruptcy proceedings would have been stayed until all claims were filed. All of the IRS claims would have been included in the debtor's reorganization plan, eliminating the need for a hearing on new claims. Despite the government's failure to follow this procedure, the overall policy of the Bankruptcy Act strongly disfavors discharging tax liabilities.

Appellee has raised the issue of estoppel. Estoppel is not available to bar the United States from collecting withholding taxes, so the issue need not be further addressed.

The lower court judgment is therefore reversed. On remand, the reorganization plan will remain intact, with the additional IRS claims of $18,876.28 separately enforced against the debtor.