In re Reginald MURRELL, Joann Murrell, Debtors.

Reginald MURRELL, Joann Murrell, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 584–00655–A.
Adv. No. 585–0121.

United States Bankruptcy Court,
W.D. Louisiana,
Alexandria Division.

Nov. 21, 1985.

Irving Ward-Steinman, Alexandria, La., for debtors-plaintiffs.

Joseph S. Cage, Jr., Leven H. Harris, Shreveport, La., Paul E. Pelletier, for defendant, Dept. of Justice.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LeROY SMALLENBERGER, Bankruptcy Judge.

The debtors filed their Chapter 7 liquidation case in 1984.

On April 29, 1985, the debtor filed this adversary proceeding against the Internal Revenue Service alleging that under section 523(7)(B) of the Bankruptcy Code various tax liens against the debtor should be cancelled and be declared discharged in bankruptcy.

After evidence and argument of counsel, on August 8, 1985, briefs were requested and the matter was taken under advisement.

At the August 8, 1985 hearing, IRS Officer, Opal Payne, testified in regard to the plaintiff's federal withholding and FICA tax liability. Ms. Payne testified and evidence was introduced showing that the trust fund portion of plaintiff's assessed federal withholding and FICA liability had not been paid to the United States. Next, evidence was introduced that plaintiff's 1976, 1977 and 1978 income taxes and 1976, 1977, 1978 and 1979 FICA taxes had not been paid.

The IRS has admitted in its answer that the debtors 1976, 1977 and 1978 income tax liability is discharged by the Chapter 7 proceeding, and the Court so holds.

Additionally, the IRS agrees that the FICA tax liability for the years 1976, 1977 and 1978 and 1979 is discharged by the Chapter 7 proceeding, and the Court so holds.

The plaintiff and defendant strongly disagree as to the dischargeability of the plaintiff's federal withholding and FICA liability. Some of these monies involved were held "in trust" by the debtor as taxes withheld from employees of the debtor that should have been paid to the IRS. Plaintiffs do not dispute the underlying assessment of tax liability nor that the debtor,

under the Internal Revenue Code section 6672, was the person charged with the duty and responsibility to see that the withheld taxes were paid to the IRS. Rather, the plaintiffs argue that both the trust and non-trust portion of the employee's withholding taxes are discharged by this Chapter 7 proceeding.

The Court concludes that under the Bankruptcy Code, sections 523(a)(1)(A) and 507(a)(6)(C) require that this Court find that the trust fund portion of the federal withholding and FICA taxes are not discharged in bankruptcy.

Section 523(a)(1)(A) provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

Section 507(a)(7)(C) provides: The following expenses and claims have priority in the following order:

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

These Code provisions concern the dischargeability of a "tax". The Internal Revenue Code makes persons responsible "in whatever capacity" for failure to pay the employee's share of social security or withholding taxes to the United States. This is imposed as a "penalty" under Section 6672 of the Internal Revenue Code, which states:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully attempts in any manner to evade or defeat any such tax or payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

Although the section speaks in terms of imposing a penalty, the provision has been held by the United States Supreme Court to equal a nondischargeable tax for purposes of 11 U.S.C. Section 35(a)(1)(e) of the Bankruptcy Act. *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978). The Court opined,

We also cannot agree with the Court of Appeals that the "penalty" language of Internal Revenue Code § 6672 is dispositive of the status of respondent's debt under Bankruptcy Act § 17a(1)(e); see IRC §§ 3102(a), 3402(a). It is this time period that § 17a(1)(e) with its modification of "taxes" by the phrase "collected or withheld," treats as the relevant one. That the funds due are referred to as a "penalty" when the Government later seeks to recover them does not alter their essential character as taxes for purposes of the Bankruptcy Act, at least in a case in which, as here, the § 6672 liability is predicated on a failure to pay over, rather than a failure initially to collect, the taxes.

The debtor argues that we should not follow the "thrice-twisted"[1] analysis of the majority, and follow the dissents policy argument that the purpose of the Bankruptcy Act is to give a debtor a "fresh start". The Court declines the invitation. The reasoning and analysis of the majority in *Sotelo* is quite sound; employers should not be able to escape all liability for unpaid withholding taxes by filing bankruptcy. This philosophy is continued under the

---

1. Justice Rehnquist used this phrase in his dissent at 436 U.S. 282, 98 S.Ct. 1803.

Bankruptcy Code. Taxes that are entitled to priority are excepted from discharge under 523(a)(1). 507(a)(7)(C) specifically requires that "trust fund" taxes be given a priority under the Code. See also the comments in Senate Report No. 95–989, 95th Cong. 2d Sess. 68–73 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, 5854, 5859. Congressional intent is clear; "trust fund" withholding and FICA taxes are not discharged in a Chapter 7 bankruptcy proceeding.

Accordingly, the following taxes are held nondischargeable in bankruptcy:

| TAX | PERIOD | TRUST FUND PORTION |
|---|---|---|
| W/H–FICA | 7803 | $1,497.32 |
| W/H–FICA | 7806 | 2,132.81 |
| W/H–FICA | 7809 | 2,253.97 |
| W/H–FICA | 7812 | 1,942.41 |
| W/H–FICA | 7909 | 659.76 |
| W/H–FICA | 8003 | 951.69 |