In re Michael P. CLATE, Debtor.

Bankruptcy No. 85–0216.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 26, 1987.

Lawrence N. Ravick, Trustee, Ravick, Beck & Henny, Pittsburgh, Pa., for Trustee.

Craig R. McKay, Asst. U.S. Atty., U.S. Attorney's Office, Pittsburgh, Pa., for I.R.S.

Kenneth Steidl, Steidl & Steinberg, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before this Court is the Internal Revenue Service's ("IRS") objection to the Trustee's Proposed Order of Distribution. A hearing was held relating to said distribution on June 9, 1986, wherein we approved the distribution except for that part providing for payment of $5,000.00 to the Debtor. Said sum was to be held by the Trustee pending the resolution of the objection by the IRS.

The Trustee asserts that the Debtor is entitled to the $5,000.00 as part of his exemption. Either as an afterthought or in pursuit of an unspoken machination, the Trustee, for the first time, averred at oral argument that he is entitled to $1,356.10 of said exemption, representing a charging lien for services rendered in selling the Debtor's residence.

The IRS claims that it is entitled to the $5,000.00, alleging that its debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(1), and should be paid from the Debtor's exemption in accordance with § 522(c). The IRS further asserts that the Trustee is not entitled to claim a charging lien, in that his remedy should have been asserted against the secured creditors, via § 506(c); and, that to allow payment in this fashion vitiates the Bankruptcy Code sections providing the Court with the opportunity to review the Trustee's fees. 11 U.S.C. §§ 327, 328 and 330.

Based upon the arguments presented at the hearing, and the briefs submitted thereon, we find that the IRS is entitled to the $5,000.00 presently held by the Trustee, and further, that the Trustee is not entitled to a charging lien against said fund.

## FACTS

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 1, 1985, and the Trustee was appointed. The Debtor claimed an exemption of $7,500.00 in his personal residence. The Trustee sold the Debtor's residence on May 14, 1985; said sale was free and clear of liens and encumbrances, and brought a price of $62,500.00. Following the sale of said residence, the Court permitted the sum of $2,500.00 to be distributed to the Debtor as a partial satisfaction of his exemption. This sale created a fund of $34,349.11, from which the Debtor seeks to claim the remainder of his exemption.

The Trustee submitted a Proposed Order of Distribution providing, *inter alia*, for disbursement of $5,000.00 to the Debtor in satisfaction of his claimed exemption in his personal residence. The official documents are silent and the Court was not advised that the Debtor, in a private arrangement, had agreed to waive his exemption to the extent of the Trustee's fees and expenses in connection with the sale of the residence.

The IRS objected to this official Proposed Distribution, contending that it is entitled to the $5,000.00 by virtue of the following facts to which the parties have stipulated:

1) Northway Home Care, Inc. ("Northway"), a Pennsylvania corporation, was located at 137 Tyler Road, Pittsburgh, Pennsylvania 15237; this was also the address of the Debtor's personal residence.

2) The Debtor owned all of the outstanding Northway stock; the Debtor was listed as Northway's President on all of the corporation bank accounts and the Debtor's father was listed as Secretary.

3) The Debtor's father died on March 27, 1981; during the period of March 27, 1981 to December 31, 1981, the Debtor was solely responsible for Northway's operations, books and records, payment of employee wages, and filing of quarterly employer tax returns with the IRS.

4) The IRS assessed liability against Northway for unpaid wage taxes during the Second, Third and Fourth Quarters of 1981, totaling $6,236.67; said assessments were based on the delinquent federal quarterly tax returns filed by the Debtor as President of Northway Home Care, Inc.

5) The IRS assessed said sum against the Debtor pursuant to 26 U.S.C. § 6672; said assessment was in violation of the automatic stay.

6) The IRS, upon notification of this violation, abated the assessment against the Debtor, and amended its proof of claim to include said amount as an unliquidated claim against the Debtor's estate; said proof of claim asserts unsecured priority status under § 507(a)(7)(c).

## ANALYSIS

**A. Is the Debtor the "responsible person" pursuant to I.R.C. § 6672, and does his nonpayment of these trust fund taxes constitute a willful act?**

Employers must deduct and withhold certain taxes from employee wages. These sums are to be paid to the government quarterly. 26 U.S.C. § 7501. The employer is required to file a quarterly payroll tax return to report the amounts withheld. Pursuant to § 7501, these monies constitute a trust fund for the government's benefit and may not be used by the employer for his business operations or expenses. Congress enacted § 6672 of Title 26 to provide the government with a means of recouping taxes withheld but not paid over, by permitting the government to proceed against those individuals who have the responsibility to withhold these taxes. The section states:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully accounts for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payments there-

of, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The Courts which have addressed this issue have determined that two questions must be analyzed before liability under this section can attach—first, is that individual the person responsible for collecting and paying over the tax; and second, did he willfully fail to do so. *United States v. Davidson*, 558 F.Supp. 1048 (W.D.Mich. 1982); *In re Serignese*, 214 F.Supp. 917 (D.Conn.1963); *In re Flemister*, 48 B.R. 427 (Bankr.N.D.Ga.1985); *In re Turner*, 35 B.R. 811 (Bankr.D.N.D.1983); *In re Twomey*, 24 B.R. 799 (Bankr.W.D.N.Y.1982).

Various factors have been employed by these Courts in determining whether an individual achieves the status of "responsible person". These include:

1) the individual's status as an officer, director and/or stockholder of the corporation, and his attendant duties;

2) the individual's ability to sign corporate checks;

3) the individual's ability to sign corporate tax returns;

4) the individual's ability to hire and fire employees;

5) the individual's control over the corporation's financial affairs; and

6) the individual's possession of an entrepreneurial stake in the corporation.

*U.S. v. Davidson, supra; In re Turner, supra; In re Twomey, supra.* While it is not necessary for all of these factors to appear, the totality of those that are present must establish that the individual possessed substantial control over the corporation's finances.

In the case at bar, the Debtor is the sole responsible person, for the period of time in question. As the only officer, director and/or shareholder, the Debtor exercised total control over the corporation's financial affairs, was the only signatory to the corporate bank accounts, and was the only

person with any entrepreneurial stake in the corporation's solvency or lack thereof.

█ The second part of this analysis requires us to determine whether the Debtor's actions in not paying these trust fund taxes was willful. The term "willful" in connection with § 6672 does not necessarily require a finding of fraudulent intent or even bad motive. *In re Turner, supra; see also, Monday v. United States,* 421 F.2d 1210 (7th Cir.1970). Willfulness can be found if the responsible person acts or fails to act voluntarily, consciously or intentionally wherein such action or inaction results in the nonpayment of trust funds to the government. *U.S. v. Davidson, supra; In re Flemister, supra; In re Turner, supra; In re Twomey, supra.* See also, *Spivak v. U.S.,* 370 F.2d 612 (2nd Cir.), cert. denied 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967) (willfulness is established by the voluntary preference of other creditors over the United States).

█ The Debtor filed delinquent federal quarterly tax returns for the corporation, proving that the Debtor knew the funds were owed. There remains an unpaid amount of $6,236.67 due and owing to the IRS. These stipulated facts are sufficient to show that the Debtor was consciously aware of this delinquency and chose not to pay it.

Therefore, the Debtor is liable to the IRS for the outstanding trust fund taxes.

**B. Does this liability constitute a non-dischargeable debt, and if it does, is said debt payable, to the extent possible, from the Debtor's exemptions?**

█ The premier case on the issue of dischargeability of trust fund taxes is *U.S. v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), which held that taxes owing pursuant to § 6672 of the Internal Revenue Code were nondischargeable debts. Although that case was decided under the former Bankruptcy Act, the applicable section, 17(a), has been substantially adopted under § 523(a) of the present Bankruptcy Code, which states in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title, whether or not a claim for such tax was filed or allowed; [1]

Section 507(a)(7)(C) specifically includes:

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.

Since the enactment of the present Bankruptcy Code, many courts have cited the *Sotelo* case as being presently applicable. *Matter of Clark,* 64 B.R. 437 (Bankr.M.D. Fla.1986); *In re Murrell,* 57 B.R. 449 (Bankr.W.D.La.1985); *In re Gurwitch,* 54 B.R. 927 (S.D.Fla.1985); *In re Holl,* 35 B.R. 206 (Bankr.D.Haw.1983); *In re Coleman,* 19 B.R. 529 (Bankr.D.Kan.1982); *In re Dickey,* 10 B.R. 9 (Bankr.W.D.Tenn.1980).

■ Furthermore, Section 522(c)(1) of the Code permits exempt property to remain liable for debts determined to be nondischargeable under § 523(a)(1):

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under Section 502 of this title as if such debt had arisen before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title;

*See also, In re Holl, supra.*

We therefore find that the Debtor remains liable to the IRS for $6,236.67, which sum is nondischargeable, and that the $5,000.00 exemption claimed by the Debtor similarly remains liable to the IRS.

■ **C.   Does the Trustee possess a valid charging lien against the Debtor's** claimed exemption, entitled to priority over the claim of the IRS?

The Pennsylvania Supreme Court has outlined the criteria necessary to recognize a charging lien.

... before a charging lien will be recognized and applied, it must appear (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien.

*Recht v. Urban Redevelopment Authority,* 402 Pa. 599, 168 A.2d 134, 138–39 (1961). *See also, Johnson v. Stein,* 254 Pa.Super. 41, 385 A.2d 514 (1978); *U.S. v. Fidelity Philadelphia Trust Company,* 459 F.2d 771 (3rd Cir.1972).

While it might appear at first blush that the Trustee has met the burden on these factors, further analysis shows that such is not the case, especially in light of the particular procedures of this specialized court.

First and foremost, we note that in the *Recht* case, as in all of the other cases found by this Court, the attorney seeking to claim a charging lien did in fact have an attorney-client relationship with the fund recipient. The Debtor in the case at bar was represented by fully competent counsel; the Trustee's client is the creditor body. For the Trustee to now claim a charging lien is tantamount to declaring himself disqualified from representation of either party due to an obvious conflict of interest.

Furthermore, in this particular area of the law, compensation of counsel is statuto-

---

**1.** The designation of Section 507(a)(6), proper at the time of enactment, was changed by the Bankruptcy Amendments and Federal Judge-ship Act of 1984 to 507(a)(7). The unchanged designation in Section 523 was inadvertent and should be read as 507(a)(7).

rily directed. The Trustee in bankruptcy, given the present factual scenario, had ample opportunity to receive compensation through appropriate procedures.

Initially, the Trustee is entitled to a percentage fee of all moneys brought into and disbursed from the case, including those funds disbursed to secured claimants. 11 U.S.C. § 326(a). The Court has the opportunity to review the Trustee's claim for compensation, thereby insuring that the Trustee has acted in accordance with his fiduciary duty to his client—the creditor body. 11 U.S.C. § 326(d).

Furthermore, the Trustee is authorized to seek the Court's approval of his employment as his own attorney. 11 U.S.C. § 327(d). To the extent said Trustee performs legal, as opposed to administrative, services, he may seek Court authorization to obtain compensation for such services.

Finally, pursuant to 11 U.S.C. § 506(c), if the Trustee preserves or disposes of secured property, such that it benefits the secured claimant, the Trustee is permitted to seek recovery of his costs and expenses from the secured property.

The Trustee filed a Proposed Final Order of Distribution, wherein he asserts no claim for compensation. The Trustee made no attempt to seek his compensation from the fund obtained by the secured claimants, although he had the right to seek his funds in that manner.

Ostensibly, the Trustee has tried to remove his compensation from the Court's scrutiny and simultaneously cause the IRS, an unsecured claimant, to bear the costs of the sale of the Debtor's residence.

In light of the *Recht* case, this Court would be hard-pressed to find a fact situation wherein the equities were balanced any more strongly *against* the creation of an attorney's charging lien, and cautions this Trustee that any further attempts to circumvent proper procedures will be dealt with in a more incisive manner.

An appropriate Order will be issued.