In re Theodore Robert ABT, Jr., Debtor.

Theodore Robert ABT, Jr., Plaintiff,

v.

HOUSEHOLD FINANCE COMPANY, Defendant.

Bankruptcy No. 79–02131G.
Adversary No. 79–0021G.

United States Bankruptcy Court, E. D. Pennsylvania.

Jan. 29, 1980.

Michael Donahue, Darby, Pa., for debtor/plaintiff.

Alexander Hemphill, Monteverde & Hemphill, Philadelphia, Pa., for defendant.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The three issues before us in this case are (1) whether a creditor should be held in contempt for repossessing a debtor's motor vehicle after a debtor files a petition for relief where the creditor had no actual knowledge of the filing; (2) whether that creditor should be held in contempt for failure to return the vehicle to the debtor's possession once the creditor became aware of the filing; and (3) whether the debtor can avoid the security interest of the creditor in the motor vehicle pursuant to Section 522(f)(2)(A) of the Bankruptcy Code. We conclude that the creditor should not be held in contempt and that the debtor cannot avoid the security interest.[1]

On November 16, 1979, Theodore Robert Abt, Jr. ("the debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[2] Three days later, on November 19, 1979, Household Finance Company ("HFC"), the holder of a security interest in a motor vehicle owned by the debtor and his wife, repossessed that car without knowledge of the filing by the debtor. Upon receiving notice that the debtor had filed a petition for relief, HFC refused to return the car to the debtor's possession. Thereupon, on December 4, 1979, the debtor filed an application for contempt, a complaint to avoid HFC's security interest in the car, and an application for preliminary relief and an expedited hearing. On that date we granted the application for an expedited hearing and issued an order instructing HFC not to dispose of the car pending a trial on the complaint. That trial was held on December 11, 1979.

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. 11 U.S.C.A. §§ 301, 701–66 (1979), which became effective on October 1, 1979.

**1. *The Application for Contempt.***

As we have stated, debtor asks us to find HFC in contempt for two of its actions: (1) the repossession of the debtor's car after the filing of the petition for relief, and (2) the failure of HFC to return the car to the possession of the debtor.

■ In order to hold a person in contempt, we must find that (a) there was a a "specific and definite" order of the court that the person has violated, *and* (b) the person had actual knowledge of that order.[3]

■ With respect to the repossession of the debtor's car by HFC, it is true that that act was in violation of a "specific and definite" order, namely the automatic stay provisions of the Code.[4] However, at the time of repossession HFC had no actual knowledge that the debtor had sought relief under the Bankruptcy Code and that the automatic stay provisions were in effect.[5] Hence, we will not hold HFC in contempt for violating the automatic stay by repossessing the debtor's car.

■ With respect to HFC's failure to return the debtor's car once it learned that the debtor had filed a petition for relief, that action (or failure to act) was not in violation of the automatic stay provisions of the Code[6] or of any other order of this court.[7] Therefore, we conclude that we cannot find HFC to be in contempt for its failure to return the car to the debtor.

**2. *The Complaint to Avoid HFC's Security Interest in the Car.***

■ Under § 522(b)(1) an individual debtor may choose between either the federal or the state exemption systems. In the case at bar, the debtor in his schedules,[8] chose the federal exemptions as set forth in § 522(d). That subsection provides, in part that

> The following property may be exempted under subsection (b)(1) of this section:
>
> .    .    .    .    .
>
> (2) The debtor's interest, not to exceed $1,200 in value, in one motor vehicle.
>
> (3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. . . .[9]

The debtor argues that, since he claimed his interest in his car as part of his exemption under § 522(d)(2), he may avoid HFC's lien on that car because it is part of his "household goods   .   .   .   that [are] held primarily for the personal, family, or house-

---

**3.** *See Fidelity Mortgage Investors v. Camilia Builders, Inc.,* 550 F.2d 47 (2d Cir. 1976) *cert. denied* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977), *citing In re Rubin,* 378 F.2d 104 (3d Cir. 1967). *See also, United States v. Christie Industries, Inc.,* 465 F.2d 1002 (3d Cir. 1972).

**4.** Section 362 of the Code provides in part:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
*    *    *    *    *    *
(3) any act to obtain possession of property of the estate or of property from the estate;  .   .   . .
11 U.S.C.A. § 362 (1979). *Cf. Fidelity Mortgage Investors v. Camilia Builders, Inc.,* 550 F.2d 47, 51 (2d Cir. 1976) *cert. denied* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977), holding that the automatic stay provision of the old Bankruptcy Act, Rule 11-44, was a "specific and definite" order so as to make a knowing violation of that provision the subject of a contempt order.

**5.** The debtor admitted this in the memorandum of law that he submitted in this case. Plaintiff's Memorandum of Law in Support of Contempt and Avoidance of the Lien, p. 1, filed December 18, 1979.

**6.** *See* 11 U.S.C.A. § 362 (1979), which automatically stays certain enumerated acts by creditors to improve their positions, but does not direct creditors to take any affirmative action.

**7.** No claim was made or evidence offered that HFC violated any order of this court other than that contained in § 362.

**8.** *See* Schedule B-4 accompanying the debtor's petition for relief.

**9.** 11 U.S.C.A. § 522(d) (1979).

**326**

hold use of the debtor or a dependent of the debtor." We cannot agree.

Section 522(f)(2)(A), which is designed to protect the debtor's exemptions by permitting him to avoid certain specified liens on exempt property, makes no mention of motor vehicles.

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

.    .    .    .    .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor .    .    .    .[10]

It is abundantly clear to us that the specific inclusion of the debtor's interest in a motor vehicle in § 522(d)(2), and the omission of any mention of a motor vehicle in § 522(f) reflects the Congressional intent and negates the debtor's argument that his motor vehicle should be treated as part of his household goods.

We therefore conclude that HFC's lien on the debtor's motor vehicle may not be avoided.