**In re Robert D. TWOMEY, Debtor.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Robert D. & Phyllis L. TWOMEY, Xerox Corporation, Lloyd Relin, Trustee, Defendants.**

**Robert D. & Phyllis L. TWOMEY, Third-Party Plaintiffs,**

**v.**

**CENTRAL TRUST COMPANY, Third-Party Defendants.**

**Bankruptcy Nos. 81–21703, 82–2073A.**

United States Bankruptcy Court, W.D. New York.

Nov. 23, 1982.

Jonathan B. Forman, Civil Trial Section, Northern Region, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

R.M. Bernhardt, Atlanta, Ga., for defendants.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This adversary proceeding was commenced by the United States against Robert Twomey and others in an effort to lift the automatic stay under 11 U.S.C. 362(d) so that an assessment of 100% tax penalty of $45,732.44 made following the bankruptcy would be approved nunc pro tunc and to assess an additional tax penalty against the debtor under 11 U.S.C. 505(a)(1). The plaintiff also asked for a judgment for the full amount of a 100% tax penalty of $66,023.60 plus interest be granted against Twomey. As a result of various motions, hearings and pretrials, the case has evolved into a case to determine whether or not it is proper for IRS to charge the debtor, Robert D. Twomey, with a 100% tax penalty of $66,023.60.

At the trial, the following facts were developed. Robert D. Twomey, the debtor, William J. Brown, Joseph H. Fustanio and Peter Morici formed a corporation known as 291 Alexander Street in August or September of 1979 to run a restaurant which was to be known as Yesterday's. Initially, Twomey, Brown and Fustanio put up money and Mr. Morici had the lease of the premises. The involvement of Morici in the restaurant was relatively minor at least no testimony was offered covering his participation in this particular matter. Twomey and Brown were to be investors and Fustanio was to be the manager. The restaurant opened in the Fall of 1979. The testimony shows that Fustanio was the manager of the restaurant. He was not satisfactory to Twomey and Brown and he was gradually worked out of the business and a new manager was brought in whose name was Lou Marcone. Marcone took over in the late Spring of 1980 as manager after having served as kitchen manager under Fustanio from January until the time he took over as manager. Fustanio and Morici left the business in the Spring of 1980 and Twomey and Brown took over the management of Yesterday's operating it through Mr. Marcone. At the time, Fustanio and Morici left

the business and Brown and Twomey took over, an agreement was signed in which Twomey and Brown agreed to hold the other partners harmless with regard to taxes which were due. Twomey signed this agreement.

During the entire existence of 291 Alexander Street, Twomey was the president. Brown was the treasurer and the other investors held various other offices. Both Twomey and Brown, during this period of time, were full-time employees of Xerox Corporation and their duties at Xerox Corporation caused them to be absent frequently from town. However, it is clear that from the beginning, Twomey and Brown, at least, on a weekly basis and on some occasions more frequently than that, were present at the restaurant for meetings or discussions involving the progress of the business. Twomey, Brown, Fustanio and Marcone all had the right at various times to sign checks on behalf of the corporation. Throughout the entire life of the corporation, Twomey and Brown had the right to sign checks on behalf of the corporation. Twomey, despite the fact that he was president of 291 Alexander Street, was primarily, as his attorney characterized it, the "meeter" and the "greeter" for the restaurant. Brown was more heavily involved in the financial end of the proceedings, Fustanio and later Marcone were the persons who were responsible at various times for the day to day operation of the business. There is no question that Twomey was a person who had practically no familiarity with the financial aspects of the business. Although, he did participate in the business decisions and he did no occasions sign checks for the business.

Twomey was the president through the entire operation of the business. The By Laws of the 291 Alexander Street, Ltd. contained the following:

Art. VI, § 6

"The President shall be the Chief Executive Officer of the Corporation; in the absence of the Chairman of the Board, or if there be no Chairman, he shall preside at all meetings of the shareholders and Directors; he shall be ex-officio a member of all standing committees, *shall have general and active management and control of the business and affairs of the Corporation, subject to the control of the Board of Directors,* and shall see that all orders and resolutions of the Board of Directors are carried into effect." *

Twomey had the right to sign checks during the entire operation of the business. He participated in the business decisions which were made in the business. He had knowledge in early 1980 that trust fund taxes were not being paid. He guaranteed the debts of the corporation to the bank, to the suppliers and the liquor companies. Since Twomey had unused collateral of his own, he pledged much of his available collateral for the payment of these debts. Twomey personally borrowed money to exercise the option to extend or acquire the lease for the premises where the restaurant operated. He participated in meetings with the banks and the banking officers. Twomey participated in the decision to move monies set aside for taxes, from Bankers Trust Company to Central Trust Company, when a bank officer threatened to declare due the loan Central had made to the company. Twomey participated in the decision to put 291 Alexander Street, d/b/a Yesterday's, into Chapter 11 after a revenue agent for IRS levied upon one of their bank accounts for past due taxes.

At the trial, tax records were submitted by the United States which indicated that the unpaid trust fund of withheld income taxes and social security taxes amounted to $66,023.60. The defendant offered no proof that the tax liability of 291 Alexander Street was different and contented themselves with pointing out that various payments had been made upon that tax liability by other parties as a result of levies upon those other parties on whom a 100% tax penalty has been assessed in this matter.

Section 26 U.S.C. 3403 of the Internal Revenue Code provides that the employer

* Emphasis Added

shall be liable to the United States for the payment of the tax required to be deducted and withheld from employees' payroll under 26 U.S.C. 3102 and 3402. The sums are deemed a special fund held in trust for the United States from the time they are required to be collected until the time they are paid to the government (26 U.S.C. 7501). Employees are credited for the withholding regardless of actual payment. A failure by the employer to pay withheld taxes results in a loss to the government. To lessen such a loss, the United States, under 26 U.S.C. 6672, may proceed directly against the persons responsible for collecting and paying the withholding taxes who have willfully failed to pay the tax. Though this recoupment is labeled a "penalty", it is civil in nature and permits the government to recover its losses. See *Emshwiller v. U.S.,* 565 F.2d 1042, 1044–45 (8th Cir.1977), rehearing and rehearing en banc denied. 26 U.S.C. 6671(b) states that "person" includes an officer or employee of a corporation or member of a partnership who, as such, is under a duty to perform the act in respect of which the violation occurs. 26 U.S.C. 6672 provides in part as follows:

> Any person required to collect truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . shall, in addition to other penalties provided by law be liable for a penalty equal to the total amount of the tax evaded or not collected or not accounted for and paid over. . .

■ The issues raised by Twomey in this particular action are whether or not he is a responsible person and whether he willfully failed to meet the obligation to pay the tax owed. Twomey's counsel would have the Court subscribe to a ten point test as to whether or not Twomey meets the criteria of the law. While many cases have set forth the indicia of authority which may be relied on in determining who is responsible for the payment of the tax, the criteria are not exclusive but provide guidance in assessing the individual facts. In *United States v. Sotelo,* 436 U.S. 268, 280, n. 13, 98 S.Ct. 1795, 1802 n. 13, 56 L.Ed.2d 275 (1978), the United States Supreme Court, in deciding the non-dischargeability in bankruptcy of a § 6672 tax penalty, stated that no corporate officer, regardless of title, could be held liable under Internal Revenue Code § 6672 unless his position was sufficiently important that he was "required to collect, truthfully account for, and pay over" withholding taxes and unless he "willfully failed" to meet one or more of these obligations. A chief executive officer exercising authority over the corporation's day to day affairs was found to be liable by the trial court in that case. The Supreme Court stated that one criteria for finding a corporate officer responsible was whether he had a stake in "the fruits of entrepreneurial success", such as continued employment or a shareholder's interest. Id. at 280, n. 13, 98 S.Ct. at 1802, n. 13. In *Kalb v. United States,* 505 F.2d 506, 510–511 (2d Cir.1974), cert. denied 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975), the Second Circuit found that responsibility would not exclusively be found in a chief executive officer and chairman of the board with "ultimate authority over the company's financial affairs" but would also be found in one who was president of the company, a major stockholder, participated in discussions with the board on the company's financial condition, signed checks and signed some tax returns.

Several cases have listed specific facts which may be relied upon in determining whether or not a person is responsible for payment of taxes withheld from wages of employees. *Silberberg v. United States,* 524 F.Supp. 744, 747 (E.D.N.Y.1981) found *Kalb,* (supra), to be in accord with this list: namely, identity of officers, directors and shareholders of the corporation; duties of the officer as outlined by the corporate by-laws; ability of the individual to sign checks of the corporation; identity of the individuals who were in control of the financial affairs of the corporation; and identity of the individuals who hired and fired employees. A similar list was adopted in *In re Beishline,* 26 B.R. 200, 201 (Bankr.W.D.N.Y.1982). One case has emphasized the fact that the individual found responsible must have significant but

not necessarily exclusive authority to direct or control the payment of funds of the corporation (*Totaro v. United States,* 533 F.Supp. 71, 73 [W.D.N.Y.1981] ). *Kalb,* (supra), defines willful under § 6672 to mean voluntarily, conscious, and intentional as opposed to accedental or negligent. *Spivak v. United States,* 370 F.2d 612, 615 (2d Cir.), cert. denied 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967) states that willfulness is established by the voluntary preference of other creditors over the United States.

■ In this particular case, Twomey started as a 25% owner of the corporation. Later, he owned 50% of the corporation. Twomey was the president of the corporation and under its by-laws, which are quoted above, the president had "general and active management and control of the business and affairs of the corporation subject to the control of the board of directors and should see that all orders and resolutions of the board of directors are carried into effect". Twomey became aware in early January of 1980 that withholding taxes were not being paid to the Federal government. At that point in time, he may not have known that he was personally liable for the payment of those taxes but certainly by March or April of 1980 he was advised by others that he was liable. He may not have wanted to admit that liability but he signed a document agreeing to idemnify former officers for the nonpayment of taxes. During December of 1980, when the corporation was short of funds, Mr. Twomey borrowed an additional $40,000 against his house for the purpose of insuring that 291 Alexander Street could exercise the option on its lease. In March of 1981, Twomey and Brown each loaned an additional $6,000–$7,000 to 291 Alexander Street. Twomey was one of the authorized signatories on the corporation's bank account. Twomey participated in weekly meetings of the shareholders and officers where they discussed their problems. Marcone, the second manager of the restaurant run by 291 Alexander Street, advised Twomey on many occasions that he was personally liable for the taxes. Twomey personally guaranteed many of the debts of the corporation and became obligated to liquor companies and other distributors.

Twomey co-signed the application for a small business administration loan and signed the December 2, 1980 minutes of the board of directors meeting authorizing bankruptcy. He also signed the 291 Alexander Street Chapter 11 petition. Marcone took his directions from Twomey and Brown. Marcone kept Twomey and Brown advised of the company's income, debts, bills and financing. Twomey himself recalled participating in some of the meetings. He admitted participating in the meeting with Central Trust Company, in meetings with the corporation's attorneys and in meetings with Internal Revenue Service. Twomey participated in many of the corporation's decisions. Weighed against this accumulation of evidence showing that Twomey was a responsible person is his argument that he did not understand financial matters and therefore, left it to someone else to take care of tax matters. If ignorance of the law or lack of knowledge of accounting was the criteria in determining whether or not a person had to pay taxes, more people would disclaim their knowledge of accounting and ability to understand the tax laws. Under any test, Twomey is a responsible person.

■ From early January or February of 1980, Twomey had knowledge that trust fund taxes were not being paid. It was not by accident or by mere negligence of Twomey that the taxes were not paid. Other bills were being paid and funds were shifted to Central Trust Company when the bank threatened to call in their notes on a loan that Twomey was in part personally obligated on. He knew from the start that trust fund taxes were not being paid and he did nothing about it. Whether Twomey's motivation was to keep the business alive or whether it was to protect his own guarantees on loans, his actions were willful within the definition of the law. See *Kalb,* (supra) and *Spivak,* (supra).

■ Another question raised by Twomey had to do with the burden of proof. A tax assessment is presumed valid. *Lesser v. U.S.,* 368 F.2d 306, 310 (2d Cir.1966), en banc. The taxpayer, further, has the actual burden of proving an assessment against him under 28 U.S.C. § 6672 was erroneous

as to computation and as to liability. *Koegel v. U.S.,* 437 F.Supp. 176, 180 (S.D.N.Y. 1977). See *Lesser v. U.S.,* 368 F.2d 306, 310 (2d Cir.1966), en banc; *Psaty v. U.S.,* 442 F.2d 1154 (3rd Cir.1967). Accord, *U.S. v. Lease,* 346 F.2d 696, 699–700 (2d Cir.1965). The assessment in the instant case, however, which occurred after the filing in bankruptcy, was in violation of the automatic stay under 11 U.S.C. 362(a)(6). See 2 Norton, Bankruptcy Law and Practice ¶ 44.05 (at 44–6, n. 6), and ¶ 44.10 (at 44–12, nn. 11, 12), (1981). It will not have the benefit of the presumption of validity or regularity in this proceeding to assess tax liability. The government has the burden to establish that Twomey under 26 U.S.C. § 6672 was a responsible person for the collection and payment of the tax, and that he willfully failed to do so. The government has born this burden.

As a result of the foregoing, it is the finding of this Court that Mr. Twomey is a responsible person within the meaning of § 6672, that he willfully failed to pay the taxes and as a result, IRS is entitled to a 100% penalty against Twomey in the amount of $66,023.60 and it is so ordered.