**Jim S. ANGLEMYER and Agnes B. Anglemyer, Plaintiffs,**

v.

**UNITED STATES of America Defendant.**

**Civ. A. No. MJG–88–1043.**

United States District Court, D. Maryland.

June 14, 1990.

Victor J. Rosenberg and Albert D. Pailet, Paley, Rothman, Goldstein, Rosenberg & Cooper, Chartered, Bethesda, Md., for plaintiffs.

Karen L. Elias, Gregory Hrebiniak, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

GARBIS, District Judge.

There is before the Court the Plaintiffs' Motion for Summary Judgment.

During 1980, Jim S. and Agnes B. Anglemyer (who were husband and wife at all times here relevant) operated Anglemyer Construction Company, Inc. The corporation did not comply with its withholding tax obligations. Unfortunately, this resulted because the corporation found itself in financial difficulties and those in control made the all too common mistake of utilizing payroll withholdings to finance the business. It is assumed for purposes of the pending motion[1] that both Mr. and Mrs. Anglemyer participated in the use of withholding tax trust funds to finance corporate operations. Therefore, both Mr. and Mrs. Anglemyer would be persons "required to collect ... and pay over [a] tax ... who willfully fail[ed] to collect such tax or truthfully account for and pay over said tax...." 26 U.S.C. § 6672(a).[2] Accordingly, both would be liable for the "responsible person" penalty,[3] i.e. an amount equal to the total amount of tax not collected or not paid over.

On June 30, 1981, Mr. and Mrs. Anglemyer filed a joint petition in bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§ 701–66) in the United States Bankruptcy Court for the District of Maryland (Case No. 80–1–0651). The filing of the bankruptcy petition triggered the automatic stay imposed by Section 362 of the Bankruptcy Code. The Government contends, and the Court assumes for purposes of this Motion, that the

---

1. On a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

2. Since each of the Anglemyers was a responsible person, each was jointly and severally liable for the full amount assessed.

3. As stated in M. Saltzman, IRS Practice and Procedure (1981) Para. 17.07 at 17–31:

"The term penalty is somewhat misleading. The amount of the liability imposed by Section 6672 is equal to the amount of the delinquent trust fund taxes and is not in addition to those taxes. Consequently, the "penalty" is actually a collection device designed for the purpose of collecting the taxes the employer should have paid over."

Internal Revenue Service did not have actual notice of the filing of the bankruptcy petition until September 21, 1981.

On September 14, 1981, the Internal Revenue Service made § 6672 assessments against Mr. and Mrs. Anglemyer with regard to the unpaid withholding tax liability of Anglemyer Construction Co. for the four quarters[4] of the calendar year 1980. Thereafter the Internal Revenue Service filed a proof of claim for the amount of the assessment in the pending bankruptcy proceeding. The Service did not then, or at any time, seek to lift the automatic stay under 11 U.S.C. § 362(d).

On April 22, 1983, the Anglemyers were discharged from bankruptcy. The bankruptcy discharge did not purport to, and could not, discharge any liability of Mr. and Mrs. Anglemyer for the Section 6672 liability in issue herein. 11 U.S.C. § 507(a)(7)(C), 523(a)(1)(A). The discharge did, however, terminate the automatic stay. 11 U.S.C. § 362(c).

Although the Internal Revenue Service did file tax liens, no collection on the subject assessments was effected until 1987. Hence, interest compounded relentlessly and late payment penalties accumulated. By early 1987, Mr. and Mrs. Anglemyer's liability for an initial assessment of $163,-809.99 had grown to some $320,000.00 with interest continuing to accrue. On January 2, 1987, the Internal Revenue Service levied on the Anglemyers' bank account at Citizens Bank and Trust of Maryland and collected $2,206.15. On January 29, 1987, the Internal Revenue Service levied upon Mr. Anglemyer's wages due from his employer and collected $1,220.31. On February 20, 1987, the Anglemyers filed a timely[5] claim seeking a refund of the total of $3,426.36 which had been collected.

The claim for refund filed by Mr. Anglemyer asserted that the purported assessment of September 14, 1981 was void and without effect by virtue of the automatic stay provision, Section 362(a) of the Bankruptcy Code. The claim for refund filed by Mrs. Anglemyer was based on that ground as well as the contention that she was not, in fact, a responsible person within the meaning of Section 6672 of the Internal Revenue Code.

■ On April 8, 1988, Mr. and Mrs. Anglemyer timely[6] filed suit for refund of the amount claimed. The Court has jurisdiction of the tax refund suit despite the failure of the plaintiffs to make a full payment of the total amount assessed because the Section 6672 penalty is considered to be a "divisible" tax. M. Garbis, P. Junghans, S. Struntz, Federal Tax Litigation, Para. 15.-02(2)(1985); *Jones v. Fox*, 162 F. Supp 449 (D.Md.1957). Hence, jurisdiction for a tax refund suit may be obtained by paying only the liability with regard to any divisible part of the total assessment. *Flora v. United States*, 362 U.S. 145, 171 n. 37, 80 S.Ct. 630, 644 n. 37, 4 L.Ed.2d 623 (1960). There is no contention by the Government that the Plaintiffs failed to meet the jurisdictional standards to bring this suit. In June of 1988, the Government filed its counterclaim against Mr. and Mrs. Anglemyer for the unpaid balance of the assessment (plus interest). Accordingly, this Court has jurisdiction with respect to the entire assessment against Mr. and Mrs. Anglemyer.

There is no doubt that the action of the Internal Revenue Service in making the September 14, 1981 assessment was in violation of the automatic stay provision. 11 U.S.C. § 362(a). Hence, the assessment was improper. *In re Coleman American Companies, Inc.,* 26 B.R. 825 (Bankr.D. Kans.1983). Moreover, the Internal Revenue Service did not make a proper assessment of this tax following the Anglemyers'

---

4. Withholding taxes are reported on Forms 941 for each calendar quarter.

5. A claim for refund may be filed within two years of the date of the payment sought to be refunded. 26 U.S.C. Sec. 6511(a).

6. A tax refund suit is mature if filed after the earlier of six months from the date of filing the claim in issue or the date on which the Internal Revenue Service disallows the claim. 26 U.S.C. Sec. 6532(a)(1). The period of limitations for filing a tax refund suit expires two years after formal notice of disallowance of the claim. *Id.*

discharge from bankruptcy in April of 1983.

It should be noted that the Internal Revenue Service had ample time to make a proper assessment. The responsible person penalty at issue in this case relates to the 1980 withholding tax liability of Anglemyer Construction Company, Inc. Hence, the statute of limitations on assessment would have expired no earlier than April 15, 1984. However, by virtue of the Anglemyers' filing in bankruptcy, there was a suspension of the running of limitations during the entire pendency of the bankruptcy proceeding, and for six months thereafter. 26 U.S.C. Sec. 6503(b). Thus, the running of the period of limitations was suspended from June 30, 1981 to at least October 22, 1983 (six months after the April 22, 1983 discharge), a period of almost 28 months. Hence, the Internal Revenue Service could have made a proper assessment of the tax liability in question until early August of 1986. The Service, for whatever reason, did not do so.

The Government argues that there was only a "technical" violation of the automatic stay provision because the Internal Revenue Service did not have actual notice of the filing of the petition at the time that it made the assessments in question. At the hearing on the Summary Judgment Motion, Government counsel conceded that if the Internal Revenue Service had actual notice of the bankruptcy filing the Government would have no basis to contend that the September 14, 1981 assessment was valid for any purpose. For purposes of this Motion, the Court assumes that the Service was totally unaware of the bankruptcy filing by the Anglemyers. However, the absence of notice on the part of the Internal Revenue Service would be relevant only to the question whether Service should have, in the bankruptcy proceeding, been held in contempt of court for a knowing violation of the automatic stay. See *In re Santa Rosa Truck Stop, Inc.*, 74 B.R. 641 (Bankr.

N.D.Fla.1987). No contempt issue is presented in the case before this Court and the absence of actual notice is totally irrelevant.

The Government argues that the assessment in question should be held to be "voidable rather than void." Therefore, it is contended, the assessment somehow should be considered sufficiently valid to have enabled the Internal Revenue Service to have met the statute of limitations on assessments but insufficiently valid to provide a presumption of correctness. In support of this contention, the Government cites the case of *In re Twomey*, 24 B.R. 799 (Bankr.W.D.N.Y.1982). However, the *Twomey* decision does not support the Government's position and, instead, indicates the correctness of the taxpayers' position.

In *Twomey*, the taxpayer operated a business during the year 1979 and, like Mr. and Mrs. Anglemyer, utilized withheld trust funds to finance the business rather than meet the corporate payroll tax obligations. In 1981, Twomey filed a petition in bankruptcy. During the existence of the automatic stay which arose by virtue of the filing of the bankruptcy, the Internal Revenue Service made an assessment in violation of the stay, filed a proof of claim and filed an action in the bankruptcy proceeding to lift the automatic stay and approve, *nunc pro tunc*, the prior assessment and an additional assessment. The Internal Revenue Service also sought a judgment for the full amount of the Section 6672 penalty. The bankruptcy court decided that the assessment made in violation of the automatic stay was null and void. However, since the Internal Revenue Service had properly and, it must be emphasized, *timely, filed an action to seek a judgment on the Section 6672 penalty liability*, the bankruptcy court in *Twomey* was able to consider the merits of the liability.[7] The Internal Revenue Service is

7. The suit was filed timely because the underlying penalty involved a responsible person assessment with regard to the four quarters of 1979. The statute of limitations on the assessment of this liability would have expired no earlier than April 15, 1983. It is apparent from the opinion (which was issued in November of 1982) that the Internal Revenue Service acted well within the period of limitations on assess-

free to sue to obtain a judgment for a tax liability even without an assessment. However, in such a suit, since there is no valid assessment the Internal Revenue Service does not have the benefit of a presumption of correctness and must bear the burden of proof of establishing liability. That is exactly what happened in the *Twomey* case. The Court held that the assessment was null and void and of no effect. Thus, the Internal Revenue Service had a valid and timely case against the taxpayer but one in which they did not have the benefit of an assessment and had to carry the burden of proof. In the *Twomey* case, the Internal Revenue Service did carry the burden of proof and prevailed.

In the case at bar, the situation is critically different. The Internal Revenue Service needs to have the September 14, 1981 assessment held valid in order to meet the statute of limitations.[8] However, the assessment is null and void *ab initio* and has no validity for any purpose.

The Government has chosen to rely on the case of *In re Abt*, 2 B.R. 323 (Bankr.E. D.Pa.1980). I find the *Abt* decision an inapt precedent on which to rely. In *Abt*, a lender had no actual notice of the filing of a bankruptcy petition and, hence, of the existence of the automatic stay. In "innocent" violation of the automatic stay, the lender seized the debtor's car. After it had actual notice of the existence of the automatic stay, the lender refused to return the vehicle. The bankruptcy court in *Abt* correctly held that the lender would not be found in contempt for having repossessed the car in violation of a stay in which it was unaware. The Court also held, incorrectly in the view of this Court, that since the initial possession of the car had been obtained in a non-contemptuous manner, the lender would not be required to return the car even after it knew of the automatic stay. Thus the *Abt* case allowed the credi-

tor to benefit from the violation of the automatic stay to the extent of keeping possession of the automobile.

The rationale of the erroneous holding in the *Abt* decision has been soundly rejected by every Court that has considered the decision, including the Bankruptcy Court for the District of Maryland. *E.g., In re Miller*, 22 B.R. 479 (D.Md.1982); *In re LaTempa*, 58 B.R. 538 (Bankr. W.D.Va. 1986); *In re Holman*, 92 B.R. 764 (Bankr. S.D.Ohio 1988). Even more significantly, the very court that issued the *Abt* decision in the first place has ruled that the case was erroneously decided. *In re McLaughlin*, 96 B.R. 554 (Bankr.E.D.Pa.1989). Hence, the *Abt* decision is totally unpersuasive.

In sum, the Internal Revenue Service's purported assessment of September 14, 1981 was in direct violation of the automatic stay which was in effect by virtue of the bankruptcy filing in June of 1981. Thus, the September 14, 1981 assessment is null and void *ab initio*. In view of this, the collection which was effected in 1987 was based upon an illegal assessment and the plaintiffs' motion for summary judgment on their suit for refund shall be granted by separate Order. The Government's counterclaim was barred by the statute of limitations when filed. Accordingly, the Anglemyers will be awarded summary judgment with regard to the counterclaim, as well, by separate Order.

Finally, I note that the plaintiffs have substantially prevailed with respect to the amount in controversy and with respect to all issues and, further, that the position of the United States was not substantially justified. Accordingly, as indicated at the hearing on the summary judgment motion, a motion for an award of reasonable litigation costs pursuant to Section 7430 of the Internal Revenue Code will, if timely filed by the Plaintiffs, be granted.

---

ment in order to seek to reduce the liability to judgment.

**8.** The Government is quick to say that it will assume the burden of proof on the merits of this case. However, that is only what it would have

had to do had it timely filed a suit or counterclaim with respect to the liability in issue. The assumption of the burden of proof does not render timely the Government's late action in enforcing the liabilities in issue.

In accordance with the foregoing, by July 15, 1990 the parties shall provide the Court with an agreed Judgment Order to be entered in this matter, or, absent agreement, with separate proposed Judgment Orders.