184 B.R. 974 (1995)
In re James Berry CRADDOCK, Debtor.
UNITED STATES of America, Appellant/Cross-Appellee,
v.
James Berry CRADDOCK, Appellee/Cross-Appellant.
Civ. A. No. 94-K-175.
United States District Court, D. Colorado.
August 14, 1995.
As Amended September 20, 1995.
*975 *976 Joel J. Roessner, Dept. of Justice, Washington, DC, for U.S.
J. Lawrence Hamil, Denver, CO, for debtor.

MEMORANDUM DECISION ON APPEAL
KANE, Senior District Judge.
This is an appeal and cross-appeal from a Chapter 11 case, challenging three orders of *977 the bankruptcy court with respect to the contested claims of the Internal Revenue Service ("IRS") for income taxes, penalties and interest allegedly owed by the Debtor, James Berry Craddock. Jurisdiction is based on Rule 8001 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 158(a.)
The orders challenged are: (1) Order on Motion for Reconsideration and on Debtor's Motion for Leave to Assert Additional Disputed Issue entered on November 18, 1992 (R.Doc. 1370); (2) Opinion and Order on Assessed Penalties entered on January 26, 1993 (R.Doc. 1377); and (3) Findings, Conclusions and Order on the Claim of the Internal Revenue Service entered on September 1, 1993 (R.Doc. 1405).
On the basis of these three orders, the Bankruptcy Court entered its Order and Judgment on January 7, 1994, (R.Doc. 1419), by incorporation by reference of a schedule of calculations prepared by the IRS (R.Doc. 1414). The judgment allows claims for: (a) Penalty for late filing of tax return under Internal Revenue Code, 26 U.S.C. § 6651(a) for the years 1981  $82,540; 1982  $1,665; 1983  $291,208; and 1985  $61,806; (b) Negligence penalty under 26 U.S.C. § 6653(a) for the years 1981  $16,508; 1982  $333; 1983  $58,242; 1985  $12,381.
In its appeal, the United States argues the bankruptcy court erred in disallowing the IRS' claim for penalties claimed for substantial understatement of tax pursuant to 26 U.S.C. § 6661 for the 1985 tax year. In his cross-appeal, Craddock argues the bankruptcy court erred: (1) in denying Craddock's motion for summary judgment based on the failure of the IRS to make a timely assessment of taxes; (2) in holding Craddock bore the burden of persuasion on the issue of liability for penalties; (3) applying an ipso facto rule holding Craddock liable for the negligence penalty pursuant to 26 U.S.C. § 6653(a); (4) in allowing the claims of the IRS for a penalty for failure to file timely tax returns pursuant to 26 U.S.C. § 6651(a); (5) in its finding that Craddock had produced insufficient evidence to rebut the presumption of validity of the IRS's proofs of claims for the negligent understatement penalty given pursuant to the Bankruptcy Code, 11 U.S.C. § 502(a).
I affirm in part and reverse in part.

I. Background.

This matter arose from the Chapter 11 reorganization of Craddock. During the administration of Craddock's Chapter 11 estate the IRS filed eleven proofs of claim for various additional taxes, interest and penalties allegedly owed for the years 1979 through 1986. Craddock objected to these claims. Through negotiations many of the disputed issues were resolved by agreement. By the time an evidentiary hearing was held in the bankruptcy court on December 3, 1992, only four years' returns, 1981, 1982, 1983 and 1985 were in dispute. The remaining issues were whether and to what extent Craddock was liable for the following additions to tax: (1) negligence penalty under 26 U.S.C. § 6653(a)[1]; (2) penalty for failure to file timely tax returns under 26 U.S.C. § 6651(a); and (3) penalty for substantial understatement of tax under 26 U.S.C. § 6661. At the hearing testimony and other evidence was submitted with respect to Craddock's liability for those penalties.
Evidence introduced by Craddock is as follows. During the years in which the tax disputes arose, Craddock's business, which began as a real estate development company, expanded into numerous other enterprises until, in 1985, he was engaged in about twenty-five other lines of business in addition to real estate development. During the rapid expansion of his company, Craddock attempted to keep abreast of his accounting and tax reporting requirements. He engaged a large and experienced professional accounting and tax staff. At his business' zenith, Craddock spent approximately one million dollars per year on his accounting and tax staff and more than $100,000 per year in fees to his independent certified public accounting firm, Deloitte and Touche.
*978 Acting on expert advice, Craddock acquired state of the art accounting hardware and software. The hardware and accounting system purchased did not perform as quickly or effectively as had been represented; it was cumbersome in organizing and assimilating the information it contained. Whenever an audit adjustment or other circumstance indicated a problem in the accounting system, one of the accounting professionals on Craddock's staff attempted to make remedial changes to the systems and procedures. Despite these efforts, mistakes, some favorable and others unfavorable to Craddock, were present in his tax returns.

II. Standard of Appellate Review.

In reviewing a bankruptcy court decision, one must accept the court's findings of fact, whether based on oral or documentary evidence, unless they are clearly erroneous. Bankr.R. 8013; Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir.1994). Conclusions of law are reviewed de novo. Id.

III. Merits.

A. Denial of Craddock's motion for summary judgment based on failure of IRS to make timely assessment of taxes.
In its November 18, 1992 order, the bankruptcy court held the proceedings for allowance of claims in bankruptcy rendered irrelevant the duty of the IRS to make a timely assessment of taxes. Craddock asserts the bankruptcy court erred in refusing to consider evidence whether the IRS had made a valid and timely assessment against him in determining whether the claims against him would be allowed. I disagree.
Craddock argues § 6501(a) of the Internal Revenue Code provides, except for circumstances not present in this case, "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed." He omits reference to remaining pertinent language of the section which provides: "and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period." 26 U.S.C. § 6501(a). Clearly the statute envisages that proceedings in court without assessment may also be brought within three years after the return was filed.
Craddock asserts § 6201 of the Internal Revenue Code requires an assessment of taxes to be made by the Secretary or his authorized agent and that there can be no liability for taxes without such assessment. This is contrary to the express provisions of § 6501(a) and to well-established case law. See United States v. Jersey Shore State Bank, 781 F.2d 974, 979 (3d Cir.1986) (noting "it was long settled that the government's failure to assess its taxes did not preclude it from exercising its common-law right to sue for the taxes" based on its common-law right to sue for a debt). The rule that assessment is not a necessary prerequisite to liability for tax has been recognized in the context of bankruptcy proceedings. In re Saxe, 14 B.R. 161, 164 (Bankr.S.D.N.Y.1981).
The cases cited by Craddock, In re Busick, 90-1 USTC ¶ 50,225, 1990 WL 63069 (N.D.Ind.1990) and Anglemyer v. United States 115 B.R. 510 (D.Md.1990) do not stand for the proposition that there can be no liability for taxes without assessment. To the contrary, Anglemyer expressly states: "The Internal Revenue Service is free to sue to obtain a judgment for tax liability even without assessment." 115 B.R. at 513-14.
The filing of a proof of claim constitutes the commencement of proceedings in court. O'Neill v. Continental Airlines, Inc. (In re Continental Airlines), 928 F.2d 127, 129 (5th Cir.1991) ("the filing of a proof of claim is analogous to the filing of a complaint in a civil action"). Because the automatic stay precludes other efforts to collect prepetition tax liabilities, 11 U.S.C. § 362(a), the filing of a proof of claim is usually the exclusive means for the IRS to collect prepetition tax liabilities.
Section 505(a)(1) of the Bankruptcy Code empowers the bankruptcy court to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to a tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a)(1) (emphasis *979 added). This is a further clear indication that the IRS need not assess taxes before collecting them by filing a proof of claim in bankruptcy.
For the aforesaid reasons, I conclude the bankruptcy court did not err when it denied Craddock's motion for summary judgment based on the failure of the IRS to make a timely assessment of taxes.
B. Burden of persuasion on the issue of liability for penalties.
Craddock argues the bankruptcy court erred in its January 26, 1993 order when it held he bore the burden of persuasion on the issue of liability for penalties. He maintains while the proof of claim of the IRS stands as prima facie proof of its claim,[2] the IRS nonetheless has the ultimate proof on the assessment of penalties.
The relevant penalty provisions of the Internal Revenue Code are 26 U.S.C. §§ 6651(a) and 6653(a) as applicable to the tax years in question. Section 6651 pertinently provides in the case of "a failure to file any return ... on the date prescribed therefor, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount...." 26 U.S.C. § 6651(a). Section 6653 provided in relevant part "[i]f any part of any underpayment is due to negligence ... there shall be added to the tax an amount equal to 5 percent of the underpayment." 26 U.S.C. § 6653(a).
The bankruptcy court held:
[A]n examination of the statutes in question make it clear that once a return has not been timely filed or taxes have not been timely paid or there is a substantial underpayment, the penalties are assessed as a matter of statute. The Debtor may get relief from such assessment by making an affirmative showing that the error was not due to negligence or that he used due and reasonable care in dealing with his taxes. Thus it is the Debtor's burden to prove that the penalties should not be assessed.
(R.Doc. 1377 at 3.)
The issue of which litigant should bear the burden of proof during the litigation of objections to federal tax claims in cases under title 11 has perplexed a number of courts. See 1A, Collier on Bankruptcy, ¶ 12.03[5] (Lawrence P. King ed., 15th Ed.1995). Under non-bankruptcy law, it is generally established that the burden of proof is upon the taxpayer. For policy reasons, the burden should not vary from one forum to another.
Some courts have concluded the debtor has the burden of proof when objecting to a tax claim in bankruptcy. See, e.g., IRS v. Levy (In re Landbank Equity Corp.), 973 F.2d 265, 269-71 (4th Cir.1992); Resyn Corp. v. United States, 851 F.2d 660, 662-63 (3rd Cir.1988); United States v. Uneco, Inc. (In re Uneco, Inc.), 532 F.2d 1204, 1207 (8th Cir.1976); Cobb v. United States (In re Cobb), 135 B.R. 640, 641 (Bankr.D.Neb.1992). Other courts have applied § 502(a) to accord an IRS' proof of claim prima facie evidentiary effect, and only when the objecting party produced credible evidence sufficient to establish error, does the burden of persuasion shift back to the IRS. See, e.g., Placid Oil Co. v. IRS (In re Placid Oil Co.), 988 F.2d 554, 557 (5th Cir.1993); Fullmer v. United States (In re Fullmer), 962 F.2d 1463 (10th Cir.1992); California State Bd. of Equalization v. Official Unsecured Creditors' Committee (In re Fidelity Holding Co.), 837 F.2d 696, 698 (5th Cir.1988); United States v. Rasbury (In re Rasbury), 141 B.R. 752, 758-59 (N.D.Ala.1992); In re Brown, 169 B.R. 59, 61 (D.S.D.Iowa 1994); United States v. Kontaratos, 36 B.R. 928, 930-31 (D.Me.1984); In re Poiroux, 167 B.R. 980, 982 (Bankr. S.D.Ala.1994); In re Michigan-Wisconsin Transp. Co., 161 B.R. 628, 635 (Bankr. W.D.Mi., N.D.1993); In re Dakota Indus., Inc., 131 B.R. 437, 443-45 (Bankr.D.S.D. 1991).
Craddock relies on the following statement of the Tenth Circuit in Fullmer v. United States (In re Fullmer):

*980 Mr. Fullmer objects to the allowance of the IRS' claim reflecting a prepetition liability in excess of the amount set out in the July 26, 1984, order. Prepetition claims are asserted by means of a proof of claim. 11 U.S.C. § 501 (1988). A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. 11 U.S.C. § 502(a) (1988); Bankr.Rule 3001(f), 11 U.S.C. (1988). This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. In re Wells, 51 B.R. 563, 566 (D.Colo.1985). To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. Id. Only then is the ultimate burden of persuasion with the proponent of the proof of claim.
962 F.2d 1463, 1466 (10th Cir.1992).
The Tenth Circuit in Fullmer did not broach the subject of the conflicting burden of proof standards where a bankruptcy court is determining a debtor's tax liability. Instead, it "applied the burden of proof standards set out in 11 U.S.C. § 502(a) and Fed. R.Bankr.P. 3001(f) without comment as to why the tax code's rules were not applicable." United States v. Domme (In re Domme), 163 B.R. 363, 366 (D.Kan.1994).
1. Late-filing penalties under 26 U.S.C. § 6651.
Although both prepetition taxes as well as interest and penalties were at issue in Fullmer, that opinion did not address the situation if late-filing penalties in that case would have been subject to a "reasonable cause" defense under 26 U.S.C. § 6651. To the contrary, the court in In re Hudson Oil, Inc., 91 B.R. 932, 945 (Bankr.D.Kan.1988) gave in depth consideration to the issue.
The Hudson Oil court enunciated the general principle in Fullmer that if a debtor (or trustee) succeeds in overcoming the prima facie effect of the IRS's proof of claim, then the burden remains on the IRS to prove the validity of the claim. In Hudson Oil, the trustee had submitted there was reasonable cause for the failure to timely file the return. With respect to that submission, the court held: "To escape the penalty [under 26 U.S.C. § 6651], the taxpayer bears the heavy burden of proving both (1) that the failure did not result from `willful neglect,' and (2) that the failure `was due to reasonable cause.'" Id. (citing United States v. Boyle, 469 U.S. 241, 245, 105 S.Ct. 687, 689-90, 83 L.Ed.2d 622 (1985)).
The opinion of the court in Hudson Oil, accords with the view that relief from tax penalties for "reasonable cause" is in the nature of an affirmative defense and the taxpayer bears the burden of proof on such issue in and out of the context of a bankruptcy claim.
The Service is generally entitled to interest and penalties where taxes are not timely paid. See 26 U.S.C.A. §§ 6651(a)(1), 6601(a) (West Supp.1994) Penalties may be avoided if it is shown that the failure to pay is due to reasonable cause and not to willful neglect, but the taxpayer has the burden of proof on that issue outside of bankruptcy ... and would retain that burden in bankruptcy, because that defense to assessment of a penalty would be an affirmative defense.
In re White, 168 B.R. 825, 836 n. 17 (Bankr. D.Conn.1994) (citation omitted). See also, United States v. Sanford (In re Sanford), 979 F.2d 1511, 1513 (11th Cir.1992) ("the bankruptcy court must make factual findings ... regarding whether Debtor has made the statutorily required showing of reasonable cause....").
I conclude the bankruptcy judge did not err in placing the burden of proof on Craddock to show his failure to file timely tax returns under 26 U.S.C. § 6651 was "due to reasonable cause and not due to willful neglect."
2. Underpayment penalty under 26 U.S.C. § 6653.
Section 6653 provides: "If any part of any underpayment ... of tax required to be shown on a return is due to negligence ... there shall be added to the tax an amount equal to 5 percent of the underpayment." Unlike under § 6651 where the statute automatically imposes a penalty for late filing *981 unless the taxpayer shows reasonable cause, under § 6653, a penalty for underpayment is imposed only if such underpayment is due to negligence. In other words, negligence is a prerequisite to the imposition of the negligence penalty.
The rule applied in non-bankruptcy cases is that to avoid a penalty under § 6653, a debtor must prove that his underpayment was not due to his negligence. Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), cert. denied, 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968) ("There is no dispute that the taxpayer has the burden if he is accused of being negligent in regard to the making out of his tax return.") The decision of the Tenth Circuit in Fullmer, however, alters this burden in the context of bankruptcy.
Under Fullmer, the IRS's properly filed proof of claim constituted prima facie evidence of the validity and amount of its claim under § 6653. Once Craddock objected to the claim, the bankruptcy judge was required to determine whether he had brought "forward evidence equal in probative force to that underlying the proof of claim." See Fullmer, 962 F.2d at 1463. If the judge determined this to be the case, then the "ultimate burden of persuasion lay with the IRS." See Id.
Applying Fullmer, the IRS had the ultimate burden of proof of negligence in relation to the § 6653 penalty. The bankruptcy judge therefore erred in holding the burden of proof lay with Craddock to "prove that the penalties should not be assessed." (R.Doc. 1377 at 3.) I therefore reverse on this issue.
C. Ipso Facto imposition of Underpayment Penalties.
Craddock's next argument that the bankruptcy court erred in applying an ipso facto rule holding him liable for the negligence penalty pursuant to 26 U.S.C. § 6653(a). Because I determine the bankruptcy judge erroneously imposed the burden of proof on Craddock regarding the underpayment penalty, I do not reach this issue.
D. Late-filing penalties.
1. Reasonable cause defense to late filings.
Craddock asserts the bankruptcy court erred in allowing the claims of the IRS for a penalty for failure to file timely tax returns in 1981, 1982 and 1983. Under the code, such penalty is due, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a). I have determined the bankruptcy judge did not err in placing the burden of proof on Craddock to establish his failure to timely file was due to reasonable cause and not due to willful neglect.
Craddock maintains the bankruptcy judge did not apply the correct legal standard in determining whether reasonable cause existed for the late filing of the 1981, 1982 and 1985 tax returns. Treasury Regulation § 301.6651 elaborates on the statutory standard of reasonable cause. "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." Treas. Reg. § 301.6651-1(c)(1). The term "willful neglect has been interpreted to mean "a conscious intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245-46, 105 S.Ct. 687, 690, 83 L.Ed.2d 622 (1985).
In determining whether Craddock had established that his failure to timely file was not due to reasonable cause or willful neglect, the bankruptcy judge mischaracterized Craddock's "reasonable cause" defense as one of sole reliance on his accounting department. See R.Doc. 1377 at 4-5 ("The essence of his argument is that he turned all of the information necessary for such purposes over to his accounting department and relied on them to file the returns.") The bankruptcy court accordingly relied on Boyle, which held the failure to make a timely filing of a tax return is not excused by the tax payer's reliance on an agent and such reliance is not "reasonable cause" under § 6651(a)(1).
Craddock's argument and the evidence produced, however, was not that he relied on others to timely file his tax returns. He *982 hired professional accountants and bookkeeping staff and whenever they could not handle the volume of transactions generated by his expanding businesses he expanded his staff. He hired a reputable accounting firm, Deloitte & Touche. He solicited expert opinion about appropriate systems to handle the increasingly complex accounting and tax functions and acting on such opinion purchased expensive data processing equipment.
Craddock equated his efforts with those of the trustee in Hudson Oil. There, the court found the trustee did all he could under the circumstances to meet the deadline for filing returns, including hiring competent accountants to investigate his tax liability and prepare the required return. Hudson Oil, 91 B.R. at 948. That court distinguished the trustee's defense from that of "sole reliance on an agent so as to invoke the Boyle brightline rule," id. at 950, and determined the failure to file the return was for reasonable cause and not due to willful neglect.
Here, the bankruptcy judge differentiated the facts from those in Hudson Oil, on the grounds that there the trustee was "dealing with financial records he inherited when he took over the case." (R.Doc. 1377 at 4.) Such circumstances were recognized in Boyle as beyond the trustee's control. (Id. at 4-5.) To the contrary, the bankruptcy judge determined "circumstances here were clearly within Mr. Craddock's ability to control." (Id. at 5.) I disagree.
Craddock's failure to file timely tax returns arose not, as in Boyle, from his passive reliance on others to take care of his obligations. Rather, like in Hudson Oil, despite Craddock's extensive efforts to do all he could under the circumstances, circumstances beyond his control, a combination of rapidly expanding businesses and technical problems in assimilating and organizing information in his accounting system, precluded timely completion of his tax returns.
The bankruptcy judge likened Craddock's expanding business to that of General Motors and IBM and stated there was nothing to suggest those corporations were excused from filing timely tax returns because of their size or complexity. (Id.) In applying this rationale, he impliedly found that a late filing penalty under § 6651 must be imposed unless it was objectively impossible for the taxpayer to file the return in a timely fashion. However, that is not the standard imposed by Congress, the Treasury Regulations or by the courts.
Craddock was required to demonstrate he exercised ordinary business care and prudence and that his late filings were not due to conscious, intentional or reckless indifference on his part. The evidence introduced by Craddock met these requirements. I therefore find the bankruptcy judge applied an incorrect legal standard in determining whether Craddock had shown reasonable cause existed for the late filing of the 1981, 1982 and 1985 tax returns. I further find the bankruptcy judge erred in allowing the claims of the IRS for a penalty for failure to file timely tax returns in 1981, 1982 and 1983.
2. Late filing of 1983 return.
Craddock challenges the bankruptcy court's allowance of a claim for a late filing penalty for 1983, even though his return was filed before expiration of an extension. Under the Internal Revenue Code, "[t]he Secretary may grant a reasonable extension of time for filing any return...." 26 U.S.C. § 6081. Craddock had applied for and obtained an extension under § 6081. The issue of whether the 1983 return was timely filed turns on whether the application for an extension filed by Craddock was valid.
If the taxpayer makes no estimate or does not exercise care and good faith in making the estimate, the application is void. Perry v. Commissioner, 59 T.C.M. 533, 538, 1990 WL 58757 (1990); Crocker v. Commissioner, 92 T.C. 899, 908-09, 1989 WL 45940 (1989).
The Treasury Regulations state an application for extension
must show the full amount properly estimated as tax for such taxpayer for such taxable year, and such application must be accompanied by the full remittance of the amount properly estimated as tax which is *983 unpaid as of the date prescribed for the filing of the return.
26 C.F.R. § 1.6081-4(a)(4).
The bankruptcy judge stated he had found no case law construing § 6081 or the treasury regulation promulgated thereunder (R.Doc. 1377 at 6.) He relied on Revenue Ruling 79-1113 which considered the application of the statute:
[I]f the taxpayer had, at the time the estimate was made, information discrediting the estimate, then the requirement that the tax be properly estimated will not have been met and form 4868 will be considered as invalid.
Rev.Rul. 79-113, 1979-1 C.B. 389 (1979). Applying this ruling, the bankruptcy judge found Craddock had ample evidence in his records that contradicted the zero tax estimate set forth in his application for a filing extension. (R.Doc. 1377 at 6.) He therefore concluded the application for an extension was void and the 1983 tax return untimely.
The bankruptcy court erred in relying on a revenue ruling which is no more than a statement of the position of the IRS in relation to a specific set of facts. Unlike treasury regulations, revenue rulings do not have the force of law. See American Stores Co. v. Retirement Plan, 928 F.2d 986, 994 (10th Cir.1991). Moreover, case law is at odds with the standard applied by the bankruptcy judge.
Cannata v. Commissioner, 60 T.C.M. (CCH) 839, 1990 WL 136707 (1990) concerned whether an extension under the treasury regulations was valid. The issue, as here, was whether the taxpayers had "properly estimated" their tax liability in their application for an extension. The petitioners' records contained information which contradicted the tax estimate set forth in the application for a filing extension. Nevertheless, the court found they had made a "bona fide and reasonable attempt" to estimate their tax liability. That is the appropriate standard. See Crocker v. Commissioner, 92 T.C. 899, 908, 1989 WL 45940 (1989) ("a taxpayer should be treated as having `properly estimated' his tax liability ... when he makes a bona fide and reasonable estimate of his tax liability based on the information available to him at the time he makes his request for extension.").
According to Craddock's testimony, his estimate of zero taxes was made on the expectation that large net operating losses for other years would be carried forward to 1983, eliminating any tax liability for that year. Only after adjustments were made to Craddock's 1983 return and to returns from the other years from which net operating losses were anticipated, did the IRS determine Craddock owed approximately § 540,000 in taxes for 1983.
I determine the bankruptcy court erred in its analysis of the applicable law. In the circumstances of this case, Craddock made a bona fide and reasonable attempt to estimate his tax liability in his application for an extension for the filing of his 1983 tax return. Accordingly, I reverse the bankruptcy court's finding that Craddock's application was void and its imposition of a late-filing penalty for the year 1983.
E. Understatement penalties.
As discussed above, in order to overcome the prima facie effect of the IRS' properly filed proof of claim for penalties under § 6653, Craddock was required to "bring forward evidence equal in probative force to that underlying the proof of claim." Fullmer, 962 F.2d at 1466. Craddock argues he produced ample evidence to sustain his burden of going forward with evidence sufficient to defeat the prima facie validity of the IRS's proofs of claim.
In order to shift the burden of proving the claim back to the IRS, Craddock "need only present evidence supporting his objection." See Rasbury, 141 B.R. at 757; see also In re Leedy Mortgage Co., 111 B.R. 488, 491 (Bankr.E.D.Pa.1990). "Negligence" is defined under § 6653(a)(3) as "failure to make a reasonable attempt to comply with the provisions of this title." Thus in order to meet the minimum test in support of his objection, Craddock had to present evidence supporting his objection that he had made a reasonable attempt to produce timely and accurate returns.
*984 Craddock presented evidence that he and his employees had spent vast amounts of time and other resources in attempting to maintain proper records and file timely and accurate returns. This evidence supported his objection that he made reasonable efforts to comply with the tax laws. Accordingly, the burden shifted to the IRS to show Craddock had not made reasonable attempts to comply. The IRS introduced no evidence in this regard and failed to sustain its ultimate burden of persuasion.
I therefore reverse the bankruptcy judge's order and judgment allowing claims for the negligence penalty under 26 U.S.C. § 6653 for the years 1981, 1982, 1983 and 1985.
F. Disallowance of penalties for understatement of taxes.
On appeal, the United States argues the bankruptcy court erred in disallowing the IRS' claim for penalties claimed for substantial understatement of tax pursuant to 26 U.S.C. § 6661 for the 1985 tax year. That section provides: "If there is a substantial understatement of tax for any one year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such underpayment." 26 U.S.C. § 6661(a).
An understatement is "substantial" if the amount of an understatement of tax exceeds the greater of ten percent of the tax required to be shown on the return, or $5000. § 6661(b)(1). An "understatement" is defined as "the excess of  (i) the amount of the tax required to be shown on the return for the taxable year, over (ii) the amount of the tax imposed which is shown on the return. ..." § 6661(b)(2)(A). This amount is reduced by that portion of the understatement attributable inter alia to "any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return." § 6661(b)(2)(B)(ii).
The bankruptcy judge ruled Craddock's understatement of 1985 taxes was caused in part by one item which was "adequately disclosed" within the meaning of § 6661(b)(2)(B)(ii). (R.Doc. 1405 at 7.), namely the "Airport Raintree Transaction." That transaction was reported on Craddock's 1985 tax return as a financing transaction rather than a sale. There is no dispute that this was adequate disclosure in compliance with § 6661(b)(2)(B)(ii).
The bankruptcy court discussed the issue of whether the "substantial understatement" penalty applies as follows:
For the purpose of [§ 6661(b)(2)(A)], the total tax actually due is calculated, from which is subtracted the amount actually shown on a return. The tax attributable to a disclosed item is then deducted as provided by section 6661(b)(2)(B). The test specified by section 6661(b)(1)(A) must then be applied to that remaining figure to determine whether the resulting understatement was "substantial." Thus, for the purpose of determining whether there was an "understatement" in 1985, the effect of the disclosed Airport Raintree Assessment should be reversed out.
(R.Doc. 1377 at 10.)
The United States notes the bankruptcy court held there would be no understatement of tax but for the adjustment of the Airport Raintree transaction. It argues the court's logic could have been used to show the entire understatement was attributable to transactions other than the Airport Raintree transaction and therefore the § 6661 penalty should be imposed on the entire understatement. I disagree.
The United States admits it can find no authority addressing the issue but maintains the treasury Regulations support its interpretation of the statute. The obvious purpose of § 6661(b)(2)(B)(ii) is to effect Congress' policy "to deter the use of undisclosed questionable reporting decisions" by relieving the taxpayer of the penalty applicable to tax on those items which are properly disclosed. See S.Rep. 494, 97th Cong., 2d Sess. 2 (1982), reprinted in 1982 U.S.C.C.A.N. 781, 1020.
I find no error in the bankruptcy court's position. To accomplish the goal of § 6661(b)(2)(B)(ii), which protects Craddock from a penalty since he made full disclosure, *985 it was necessary to "reverse out" the effect of including the Airport Raintree transaction. Such calculation resulted in zero tax for 1985 and accordingly, no penalty for substantial understatement of tax. To determine otherwise, would be to negate the effect of § 6661(b)(2)(B)(ii).

IV. Conclusion.

For the aforesaid reasons, I affirm in part and reverse in part.
IT IS ORDERED THAT the bankruptcy court's (1) Order on Motion for Reconsideration and on Debtor's Motion for Leave to Assert Additional Disputed Issue entered on November 18, 1992 (R.Doc. 1370) is AFFIRMED; (2) Opinion and Order on Assessed Penalties entered on January 26, 1993 (R.Doc. 1377) is AFFIRMED in part and REVERSED in part; (3) Findings, Conclusions and Order on the Claim of the Internal Revenue Service entered on September 1, 1993 (R.Doc. 1405) is AFFIRMED in part and REVERSED in part; and (4) Order and Judgment on Objection to the Claim of the Internal Revenue Service entered on January 7, 1994 (R.Doc. 1419) is AFFIRMED in part and REVERSED in accordance with the following:
(a) the order denying Craddock's motion for summary judgment based on the failure of the IRS to make a timely assessment of taxes is AFFIRMED;
(b) the order holding Craddock bore the burden of persuasion on the issue of showing reasonable cause for failure to file timely tax returns pursuant to 26 U.S.C. § 6651(a) is AFFIRMED;
(c) the order holding Craddock bore the burden of persuasion on the issue of liability for the negligence penalty under 26 U.S.C. § 6653(a) is REVERSED;
(d) the order allowing the claims of the IRS for a penalty for failure to file timely tax returns pursuant to 26 U.S.C. § 6651(a) for the years 1981, 1982, 1983 and 1985 is REVERSED;
(e) the order allowing the claims of the IRS for liability for the negligence penalty under 26 U.S.C. § 6651(a) penalty for the years 1981, 1982, 1983 and 1985 is REVERSED;
(f) the order disallowing the IRS's claim for penalties claimed for substantial understatement of tax pursuant to 26 U.S.C. § 6661 for the 1985 tax year is AFFIRMED.
NOTES
[1] After the years for which returns are in dispute, the negligence penalty statute was amended and renumbered.
[2] The Bankruptcy Code pertinently provides: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a).